IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC BUSINESS FINANCIAL SERVICES, INC., f/k/a MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 09 C 364 |
| v. | ) ) | Judge James B. Zagel |
| DONALD L. SILVERMAN, ERIC W. BRAUSS, and TODAY REALITY ADVISORS, INC., | ) ) ) ) | Magistrate Judge Nan R. Nolan |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY**

Defendants, Donald L. Silverman, Eric W. Brauss, and Today Reality Advisors, Inc., by their attorneys, in further support of their Motion to Dismiss or Stay, state as follows:

It is a fundamental legal principle that this Court has the inherent power to stay proceedings before it in deference to a related action. *Whirlpool Financial Corp. v. Metropolis Capital Group,* 1991 WL 212112 (N.D.Ill. 1991), *citing, Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* Also, it is "the duty of a federal district court to avoid duplicative litigation in more than one federal court." *See, Whirpool* at *3 citing *Colorado River Water Conservation District v. United States,* 424 U.S. 200, 817 (1976). Defendants, who are being sued here as guarantors on a loan obligation, are requesting that this Court exercise that discretion and stay the current proceedings because of identical litigation currently pending in the Bankruptcy Court for the Eastern District of Texas (the "Texas Case"). That case is

duplicative of one of the key issues to be resolved here: namely, whether the loan underlying the guarantees at issue is a valid debt.

Although Plaintiffs' object to the instant motion, Plaintiffs' response brief does not contest that this Court has the power to stay this proceeding. Plaintiffs claim that it would be "premature" for this court to issue a stay "in light of the procedural posture of the [Texas Case] which might not survive the pending motions." But Plaintiffs' claim of prematurity was apparently based on the notion that Plaintiffs had asked for a stay of the proceedings in the Texas Case. However, that position is no longer viable because the Texas court specifically denied the request for a stay, ordering the case to proceed. Thus, given the **current** procedural posture of the cases, this Court should indeed exercise its discretion and stay the current proceedings. *See*, *Whirlpool Financial Corp. v. Metropolis Capital Group*, 1991 WL 212112 (N.D.Ill. 1991).

The *Whirlpool* case is instructive. There, as here, the plaintiff was seeking to recover under guarantees. There, like here, the debtors of the underlying obligation for those guarantees were in bankruptcy. And, there, like here, an action was proceeding in a bankruptcy court to determine whether the underlying debtor had actual liability on the debt at issue. There, like here, the defendant/guarantors moved for a stay. Ultimately, the Court in *Whirlpool* declined to exercise its discretion to enter a stay. But, importantly, it did so because of a key difference between that case and the one at bar. In *Whirlpool*, unlike here, **the action involving the debtor had been stayed** by the bankruptcy court. The *Whirlpool* court specifically noted that it would have decided differently if the situation there had been different, if it had been like the one at bar here. *Id.*

As the Whirlpool court noted, "there can be no doubt" that the action against the underlying debtor and the guarantors are "related" even though they did not involve all of the

2

same parties. *Id.* The court acknowledged that absent a stay the debtor's liability could be litigated in both the action before the district court in Illinois as well as the bankruptcy court. But, because the bankruptcy action against the underlying noteholder **had** been stayed, the court found that "the link between the cases dissolved" and the court could not find that there was a "duplicative" action pending. However, the *Whirlpool* court specifically stated that it "may well have reached a different conclusion" had the bankruptcy court refused to stay that action and the case had proceeded against the underlying noteholder. *Whirlpool,* Id. at *3. In that situation, there would have been a duplicative litigation and a stay would have been an appropriate use of the court's discretion. *Id.*

Here, as *Whirpool* acknowledged, the different factual situation should lead a court to a different decision than the court reached there. In the instant matter, the duplicative action in bankruptcy court has not been stayed and is proceeding to resolution. Indeed, the court in the Texas Case has specifically refused to grant the motion filed by Plaintiffs for a stay. Under these circumstances, it is appropriate for this Court to exercise its discretion and stay the pending proceeding until resolution of the Texas case.

    Respectfully submitted,

    **Donald L. Silverman, Eric W. Brauss, and Today Reality Advisors, Inc.**

    By: /s/ Steven P. Blonder
        **One of Their Attorneys**

Steven P. Blonder (Atty. #6215773)
Shawn M. Staples (Atty. #6293863)
**Much Shelist Denenberg**
 **Ament & Rubenstein, P.C.**
191 North Wacker Drive
Suite 1800
Chicago, Illinois 60606-1615
(312) 521-2000

## CERTIFICATE OF SERVICE

I, Steven P. Blonder, an attorney, certify that on April 23, 2009, I electronically filed, on behalf of Defendants, Defendants Reply In Support of Their Motion to Dismiss or Stay, with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

>Timothy J. Patenode
>Dawn M. Canty
>Heather Kuhn O'Toole
>KATTEN MUCHIN ROSENMAN LLP
>525 West Monroe
>Chicago, Il 60661

>>/s/ Steven P. Blonder
>>One of Their Attorneys