IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENERAL ELECTRIC BUSINESS FINANCIAL  )
SERVICES, INC., f/k/a Merrill Lynch Business  )
Financial Services, Inc.,  )
                                          )
            Plaintiff,                    )          No.  09 C 0364
      v.                                  )
                                          )          Judge Robert W. Gettleman
DONALD L. SILVERMAN, ERIC W. BRAUSS,  )
and TODAY REALTY ADVISORS, INC.,      )
                                          )
            Defendants.                   )

## MEMORANDUM OPINION AND ORDER

Plaintiff General Electric Business Financial Services, Inc., formerly known as Merrill
Lynch Business Financial Services, Inc., has sued defendants Donald L. Silverman, Eric W.
Brauss and Today Realty Advisors, Inc., seeking to enforce each defendant's personal guaranty
of a defaulted promissory note.  Defendants have moved to dismiss under Fed. R. Civ. P.
12(b)(7) for failure to join a necessary party.  In the alternative, defendants ask this court to stay
the proceeding until resolution of a related matter pending in the Bankruptcy Court for the
Eastern District of Texas.  Defendants' motion is denied.

## BACKGROUND

In May 2007 Margaux Warren Park Partners, Ltd. ("Warren Park"), entered into a loan
agreement with plaintiff under which plaintiff made a $34,800,000 first mortgage loan (the
"Loan") to Warren Park for the acquisition of 91.65 acres of land in Frisco, Texas.  Warren Park
executed a Tranche A promissory note in the amount of $26,700,000 and a Tranche B
promissory note in the amount of $8,100,000 (jointly the "Note").  Contemporaneous with the
execution of the note, each defendant executed a personal "Payment Guaranty" under which

each "absolutely, unconditionally and irrevocably guaranteed" the full payment of the principal and interest of the note when due and the full and prompt payment of all sums that may be come due under the Note, Loan Agreement and other loan documents, subject to a maximum liability of $17,400,000 plus interest and fees.  In addition, defendants Silverman and Brauss executed a "Limited Joinder" which guaranteed full and complete repayment of the Loan under certain conditions, including the filing for bankruptcy by Warren Park.

Warren Park defaulted under the Loan Agreement by failing to make a required payment, triggering defendants' obligations under the Guaranty.  Plaintiff provided notice of the default to defendants and Warren Park on June 5, 2008.  As a result of that event of default, plaintiff accelerated all sums due under the loan documents and the Note.  Notice of the acceleration and demand for payment was sent to Warren Park and defendants on September 3, 2008.

Warren Park filed for Chapter 11 protection on December 16, 2008 in the Eastern District of Texas, but failed to give plaintiff notice until a month later.  That filing was itself an event of default under the Loan Agreement and triggered Silverman and Brauss's obligations under the Limited Joinder.  Plaintiff filed the instant action on January 20, 2009, seeking to collect on the personal guaranties.  After the instant action was filed Silverman and Brauss caused Warren Park to file an adversary action in the bankruptcy court against plaintiff alleging 12 claims, including fraud, extortion, theft and economic duress.

## DISCUSSION

Defendants initially moved to dismiss this matter under Fed. R. Civ. P. 12(b)(7) for failure to join Warren Park as a necessary party under Rule 19.  The viability of that argument is doubtful, for requiring joinder of the borrower would eviscerate the purpose of the guaranty – to

2

provide the lender with a simple means of compelling payment of the debt against the individual

guarantors.  See Nat'l Acceptance Co. of America v. Wechsler, 489 F. Supp. 642, 646 (N.D. Ill.

1980).  In any event, defendants have wisely abandoned this argument in the face of plaintiff's

response, which points out that defendants waived this argument in the Guaranty document,

which provides:

> This is an absolute, present and continuing guaranty of payment and not of
> collection.  Guarantor agrees that this Guaranty may be enforced by Lender
> without necessity at any time of resorting to or exhausting any other security or
> collateral given in connection herewith or with the note, loan agreement,
> mortgage or any of the other loan documents through foreclosure or sales
> proceedings, as the case may be, under the mortgage or otherwise, or resorting to
> any other guaranties, and Guarantor hereby waives any right to require Lender to
> join Borrower in any action brought hereunder or to commence any action against
> or obtain any judgment against Borrower or to pursue any other remedy or
> enforce any other right.  (Emphasis added.).

Recognizing that such waivers are valid, id., defendants resort to arguing that the court

should stay the instant proceedings in favor of the adversary action pending in Texas.  When two

related cases are pending in separate federal courts, either court has the inherent power to stay

the proceedings before it in deference to the related action.  Whirlpool Financial Corp. v.

Metropolis Capital Group, 1991 WL 212112 at *3 (N.D. Ill. 1991).  "The power to stay

proceedings is incidental to the power inherent in every court to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

Landis v. North American Co., 299 U.S. 248, 254 (1936).  Courts generally consider three

factors when deciding a motion to stay: (1) whether a stay will unduly prejudice or tactically

disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and

streamline the trial, and; (3) whether a stay will reduce the burden of litigation on the parties and

the court.  Arrivalstar S.S. v. Canadian National Ry. Co., 2008 WL 2940807 at *2 (N.D. Ill. 2008).

     "When two similar actions are filed, the general rule favors the forum of the first-filed suit."  Schwarz v. National Van Lines, Inc., 317 F. Supp.2d 829, 832 (N.D. Ill. 2004).  The rule is not absolute, however, and the Seventh Circuit has cautioned that "this Circuit does not rigidly follow a `first-to-file rule.'"  Trippe Mfg. Co. v. American Power Conversion Corp., 46 F.3d 624, 629 (7th Cir. 1995).  Nonetheless, where deference to the first-to-file rule is consistent with judicial and litigation economy, the rule provides some guidance.  See Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) (favoring first filed action is appropriate when to do so constitutes "wise judicial administration.").

     The instant action was the first filed.  Additionally, the loan documents in question, particularly the guaranty documents, provide that Illinois law applies and contain a venue provision providing for venue in the instant court.  Under these circumstances, it would be unduly prejudicial and tactically unfair to stay this action and require plaintiff to litigate against these defendants in the bankruptcy court in Texas.  Accordingly, defendants' motion to dismiss or in the alternative to stay is denied.  Defendants are directed to answer the complaint on or before August 19, 2009.  This case is set for a report on status on August 25, 2009, at 9:00 a.m.

**ENTER:**    **July 30, 2009**

 

 

**Robert W. Gettleman**
**United States District Judge**

4